IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES LAMBERT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:21-CV-00053 |
| TONY PARKER, *et al.*, | ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE HOLMES |
| Defendants. | ) | |

# MEMORANDUM

Plaintiff James Lambert, an inmate of the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Tony Parker, Dr. Elaina Rodela, CoreCivic/South Central Correctional Facility (SCCF), and Mary Dean, alleging violations of Plaintiff's constitutional rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)) (citations omitted).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

According to the complaint, in January 2017, Plaintiff was moved from the West Tennessee High Correctional Facility to the Trousdale Turner Correctional Center (TTCC) in Nashville, Tennessee. At that time, Plaintiff was suffering from liver cancer and cirrhosis of the liver along with other medical conditions and was considered a "chronic care patient." (Doc. No. 1 at 4). At TTCC, Plaintiff "was taken care of in a medical system that gave him some relief for his ailments until he could be placed at Deberry Special Needs or provided the care he was going to need by outside medical facilities and doctors." (*Id*.)

In 2018 Plaintiff was moved to his current facility. After being examined by medical professionals, he learned that his condition had worsened to stage 3-4 liver cancer and he needs chemotherapy and pain medication. However, he "cannot and will not be given" that treatment or medication at SCCF. (*Id*. at 3). Plaintiff has requested numerous times to be transferred to DeBerry Special Needs Facility "to get the care he needs to save his life." (*Id*.) His health is deteriorating. However, he "is treated like a bother and nuisance rather than [as] a human being." (*Id*.)

3

Case 1:21-cv-00053   Document 5   Filed 09/14/21   Page 3 of 5 PageID #: 16

Plaintiff seeks a transfer to DeBerry Special Needs Facility to receive chemotherapy and other appropriate medical care, attorney fees, court costs, postage, filing fees, and $900,000. (*Id.* at 3).

IV. **Analysis**

The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* Deliberate indifference "entails something more than mere negligence," but can be satisfied by "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 834.

The Sixth Circuit has said that when an inmate had a medical need "diagnosed by a physician as mandating treatment," the plaintiff can establish the objective component by showing that the prison failed to provide treatment, or that it provided treatment "so cursory as to amount to no treatment all." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (internal citations omitted). On the other hand, "[w]hen a prison doctor provides treatment, albeit

4

carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

For purposes of the required PLRA screening, the Court finds that Plaintiff's alleged cancer constitutes a sufficiently serious medical need. *See Heggie v. Southern Health Partners*, No. 3:21-cv-00056, 2021 WL 2292306, at *4 (M.D. Tenn. June 4, 2021) (finding that prisoner-plaintiff's cancer and Hepatitis C constitute sufficiently serious medical needs); *Tankesly v. Corrs. Corp. of Am.*, No. 3:14-cv-0911, 2017 WL 3034654, at *16 (M.D. Tenn. July 18, 2017) (finding that prisoner-plaintiff's tonsillar cancer "clearly" constituted a serious medical need).

Plaintiff's allegations could be viewed as rising to the level of deliberate indifference to Plaintiff's serious medical needs, in particular the allegation that these Defendants refused to provide *any treatment at all* for Plaintiff's cancer.

## V. Conclusion

The Court has reviewed the complaint pursuant to the PLRA and finds that the complaint states non-frivolous Eighth Amendment claims arising from the alleged denial of lifesaving medical treatment for Plaintiff's cancer.

The Court finds that this case is an appropriate case in which to appoint counsel. Accordingly, the Clerk of Court will be directed to appoint counsel for Plaintiff from the civil appointment panel. Once appointed, counsel shall file an amended complaint within thirty days and may file motions, as appropriate.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE