IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JAMES LAMBERT,<br>    Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., d/b/a South Central Correctional Facility, TENNESSEE DEPARTMENT OF CORRECTION, and ELAINA RODELA, M.D., in her individual capacity,<br>    Defendants | No. 1:21-CV-00053<br>District Judge Campbell<br>Magistrate Judge Holmes<br>Jury Trial Demanded |

## DEFENDANT TENNESSEE DEPARTMENT OF CORRECTION'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Tennessee Department of Correction ("TDOC"), by and through undersigned counsel, submits its reply to Plaintiff's Opposition to Defendant Tennessee Department of Correction's Motion to Dismiss. (D.E. 58.) Plaintiff's attempt to distinguish this action from the facts in *Jones* is unpersuasive. This Court properly applied *Jones* in a prior action granting summary judgment to TDOC where the Plaintiff sought to hold TDOC vicariously liable for the actions of its contractor, CoreCivic, Inc., in a claim under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Dismissal of TDOC from this action is proper on the same grounds. In addition, to the extent that Plaintiff improperly uses its response brief to attempt to supplement his First Amended Complaint ("Complaint"), such factual allegations are not properly before the Court.

1

# ARGUMENT

I. **TDOC Properly Relied Upon *Jones* as Controlling in this Action in its Motion to Dismiss Based Upon Relevant Precedent Authored by This Court.**

In its motion to dismiss, TDOC relies upon the holding in *Jones v. City of Detroit, Michigan*, 20 F.4th 1117 (6th Cir. 2021) that vicarious liability does not apply to Title II of the ADA or the Rehabilitation Act. It does so not only because the holding in *Jones* is directly applicable to this case, as explained in its motion to dismiss, but also because this Court has already applied the holding in *Jones* to the relationship between TDOC and CoreCivic. In an action involving claims brought under the ADA and Rehabilitation Act in which the Plaintiff "was incarcerated at [a facility] owned and operated by CoreCivic, this Court held that Plaintiff's claims against TDOC "fail as a matter of law." *See Thompson v. Tennessee Dep't of Corr.*, No. 3:20-CV-00188, 2022 WL 1814141, at *2 (M.D. Tenn. June 2, 2022). Relying on the Sixth Circuit's holding in *Jones*, this Court stated that "[Plaintiff]'s claim against the TDOC for intentional discrimination is also premised on vicarious liability [and] vicarious liability does not apply to claims brought under Title II of the ADA and the Rehabilitation Act." See *Thompson*, 2022 WL 1814141, at *3

*Jones* and *Thompson* are applicable, and Plaintiff cannot argue around what plainly appears to the law in this Circuit. In an attempt to distinguish *Jones*, Plaintiff points to the fact that "the lawyer expressly stated to the trial court that it was brought under a theory of respondeat superior liability." (D.E. 58, PageID 240.) First, this Court does not need to have a sworn hearing so that a lawyer can make a statement on the record. The complaint plainly shows the theory under which Plaintiff seeks to proceed: all of the alleged acts and omissions are asserted against Dr. Rodela and CoreCivic, and Plaintiff seeks to hold TDOC vicariously liable because it contracts with CoreCivic.

Second, both Plaintiff's complaint and its motion fail to allege any direct action by TDOC that would support any theory other than the respondeat liability theory contemplated in *Jones*. Even in responding to the motion, Plaintiff admits that "Mr. Lambert can only prove that TDOC failed to act by proving that the people to whom TDOC delegated action failed to act." (D.E. 58, PageID 238.) The attempt to hold TDOC liable for the actions of its contractors is simply another way of saying the same thing as alleged in the complaint – that Plaintiff seeks vicarious liability against TDOC for the actions or omissions of others.

**II.     Plaintiff Attempts to Confuse the Plead Facts with Arguments that Contradict the Complaint in Order to Avoid *Jones***

In Section II of his brief in response to TDOC's motion to dismiss, Plaintiff suggests that "Mr. Lambert asserts a cause of action against TDOC for its own discrimination against him" and "TDOC's discrimination is in effect proving a negative. Mr. Lambert can only prove TDOC failed to act by proving the people to whom TDOC delegated action failed to act." (D.E. 58, at PageID 238.) This seems a clear admission that any claims against TDOC are based on the actions or inactions of others, in which case the matter should be dismissed as discussed above, because it is based on vicarious liability.

However, in the same motion, Plaintiff states that "TDOC's discrimination took the form or [sic] failing to provide Mr. Lambert with medical care;" that "TDOC discriminated against him by not instructing its contractors to provide him with medical care;" that "TDOC must provide medical care to inmates in its custody, no matter if TDOC has delegated a prison's management to a for-profit company and its employees." (D.E. 58, at PageID 238-239.)

To the extent Plaintiff is complaining that TDOC did something that would constitute unconstitutional "inaction" or affirmatively took action to interfere with Plaintiff's medical care,

3

those theories contradict the plain allegations of the complaint, and also lack the kind of specificity necessary to state a claim.

Plaintiff's Complaint states that it was CoreCivic and Dr. Rodela who were responsible for Plaintiff's medical care:

- Plaintiff "was under the direct medical care and supervision of Dr. Rodela." (D.E. 27, at PageID 88, ¶ 11.)

- "Despite Plaintiff's severe and persistent pain following the hernia surgery, Prison officials [employees of CoreCivic], including Dr. Rodela, knowingly withheld – and have continued to withhold – pain medication that was prescribed to him to manage the pain of his surgical recovery." (*Id.*, at PageID 92, ¶ 38.)

    "Dr. Rodela knew about Plaintiff's end-stage liver disease and hernia complications, and that both conditions required medical treatment." (*Id.*, at PageID 93, ¶ 47.)

As to liability under the ADA and Rehabilitation Act, Plaintiff alleges that

- "By not providing Mr. Lambert with medical care and treatment for his end-stage liver disease and hernia complications, the TDOC, ***through*** various [CoreCivic] officials, including but not limited to Dr. Rodela, has failed to reasonably accommodate Mr. Lambert's disability." (*Id.*, at PageID 96, ¶ 61) (emphasis added.)

- "Dr. Rodela and other [CoreCivic] officials were deliberately indifferent to Plaintiff's medical wellbeing and rights under the ADA and Rehabilitation Act." (*Id.*, at PageID 96, ¶ 65.)

The Complaint does not allege that TDOC was responsible for treating Plaintiff, nor does it allege that TDOC even knew of his condition. The theory and accompanying argument that TDOC was responsible for treating Plaintiff, and any implication that they knew of his condition, and failed to instruct its contractor to ensure Plaintiff received medical treatment are semantic attempts to augment the Complaint and argue around *Jones*. In ruling on a motion to dismiss, the Court is limited to the allegations in the complaint; it cannot "consider new facts discussed in plaintiff's response brief for the purposes of defendant's motion to dismiss." *Laporte v. City of*

4

*Nashville*, No. 3:18-CV-00282, 2019 WL 845413, at *3 (M.D. Tenn. Feb. 21, 2019); *Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378, 399 (6th Cir. 2013); *Wylie v. City of New Haven*, No. 3:02-cv-313, 2003 WL 23498386, at *2 (D. Conn. Feb. 27, 2003) ("Memoranda filed in opposition to motions to dismiss are not opportunities to supplement the allegations in the complaint. Allegations may be supplemented only by the filing of an amended complaint.").

If Plaintiff were alleging that TDOC were directly responsible for his lack of care or failed to properly instruct its contractors regarding Plaintiff's medical care, then his complaint should have alleged who at TDOC knew of his condition, who at TDOC refused care or ignored Plaintiff's requests for care, and when those events occurred. He cannot make those allegations because, as Plaintiff admits, he was not housed at a TDOC facility (D.E. 27, PageID 86, ¶ 1), and TDOC's only involvement in this suit is the fact that it contracts with CoreCivic, who operates the prison that houses Plaintiff. (*Id.*, at PageID 87, ¶ 3.)

Relatedly, Plaintiff also appends to his response brief three exhibits. (D.E. 58, PageID 243-53.) Plaintiff's exhibits are not properly before the Court because courts should only consider extrinsic evidence attached to a plaintiff's response brief in opposition to a motion to dismiss where the evidence is "both referenced in the [c]omplaint and central to its claims." *Parker Hannifin Corp. v. Standard Motor Products, Inc.*, No. 1:19-CV-00617, 2019 WL 5425242, at *16 (N.D. Ohio October 23, 2019) (refusing to consider extrinsic evidence attached to opposition brief).

Nowhere in his Complaint does Plaintiff allege that the policies attached are unconstitutional or illegal. In fact, Plaintiff's case hinges on just the opposite: that TDOC's policies required CoreCivic to provide a minimum standard of care, which CoreCivic and its employees allegedly failed to meet. (*See,* D.E. 27, at PageID 88 ("[t]hat policy applies to Wardens and health care staff at privately managed facilities, like [CoreCivic's prison]"); *see also id.,* at

5

PageID 93 ("Plaintiff's primary care physician at [CoreCivic's prison], and subject to TDOC Policy . . . , Dr. Rodela refused to provide or arrange for Plaintiff to receive any treatment at all . . . .").)

In his response brief, Plaintiff attempts to alchemize his brief with extrinsic evidence of TDOC policy with the hope of creating a viable theory out of his argument that "TDOC's [alleged] discrimination occurred through its inaction." (D.E. 58, at PageID 238.) But Plaintiff has not alleged in his complaint any facts that even imply, much less plausibly suggest, that TDOC was responsible for Plaintiff's treatment, or that TDOC had knowledge of Plaintiff's conditions took some unspecified unconstitutional inaction.

## CONCLUSION

Plaintiff did not allege that TDOC had any knowledge of or involvement in the medical care provided (or allegedly not provided) by CoreCivic and Dr. Rodela. If he could have made those allegations, he would have done so, or at least attempted to do so in his response to TDOC's motion. As in *Thompson*, the Sixth Circuit's holding in *Jones* bars vicarious liability as to TDOC under Title II of the ADA and the Rehabilitation Act. Plaintiff offers no alternate theory of liability. Consequently, TDOC respectfully requests that the Honorable Court dismiss all claims against TDOC for failure to state a claim upon which relief can be granted.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ *Dean S. Atyia*
DEAN S. ATYIA, BPR # 039683
Team Leader
Assistant Attorney General
ANDREW M. MIZE, BPR # 037034
Assistant Attorney General
Law Enforcement and Special

Prosecutions Division
Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 741-1982
Fax (615) 532-3926
*Counsel for Defendant TDOC*

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served via email on August 12, 2022 to:

> Nathan Tilly
> Pentecost & Glenn, PLLC
> 162 Murray Guard Drive, Suite B
> Jackson, TN 38305
> Counsel for Defendants CoreCivic and Elaina Rodela, M.D.
> Email: ntilly@pgmfirm.com
>
> Brandon Moulard and Jeffrey Daniel
> Parker Poe Adams & Bernstein LLP
> 1075 Peachtree Street NE, Suite 1500
> Atlanta, GA 30309
> Counsel for Plaintiff
> Email: brandonmoulard@parkerpoe.com
>       jeffdaniel@parkerpoe.com
>
> John Baxter and Kathryn Skagerberg
> Nelson Mullins Riley & Scarborough LLP
> 150 Fourth Avenue, North, Suite 1100
> Nashville, TN 37219
> Counsel for Plaintiff
> Email: john.baxter@nelsonmullins.com
>       kate.skagerberg@nelsonmullins.com
>
> Elizabeth C. Helm and Erika C. Birg
> Nelson Mullins Riley & Scarborough LLP
> 201 17th Street NW, Suite 1700
> Atlanta, GA 30363
> Counsel for Plaintiff
> Email: kate.helm@nelsonmullins.com
>       erika.birg@nelsonmullins.com
>
> Peter J. Sheehan, Jr.
> Nelson Mullins Riley & Scarborough LLP
> 100 S. Charles Street, Suite 1600
> Baltimore, MD 21201
> Counsel for Plaintiff
> Email: peter.sheehan@nelsonmullins.com

                        /s/ *Dean S. Atyia*
                        DEAN S. ATYIA